**WAGONER TRANSPORTATION COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 19808.

United States Court of Appeals, Sixth Circuit.

April 20, 1970.

John P. Boeschenstein, Muskegon, Mich., Schoener, Collinge, Boeschenstein & Barlow, Muskegon, Mich., on the brief, for petitioner.

Thomas E. Silfen, N.L.R.B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Nancy M. Sherman, Attorney, N.L.R.B., Washington, D. C., on the brief, for respondent.

ORDER

Before WEICK, PECK and BROOKS, Circuit Judges.

PER CURIAM.

Petitioner, Wagoner Transportation Company, seeks to review and set aside an order of the National Labor Relations Board which the Board seeks to enforce. The order is reported at 177 N.L.R.B. No. 22.

The Board found that the Company discharged employees Puckett and Burns because they participated in protected union activity in violation of Section 8(a) (3) and (1) of the Act. It also found that other employees were threatened by the Company in violation of Section 8(a) (1) of the Act.

The collective bargaining agreement contained a no-strike clause but provided that an employee could not be discharged for participating in an unauthorized work stoppage unless the strike continued for more than 24 hours. The Board found the wildcat strike in which Burns participated did not last for 24 hours and, therefore, he should not have been

---

discharged. This finding is supported by substantial evidence.

The Company bases its discharge of Puckett, who was a union steward, on his alleged taking of strike action in violation of the bargaining agreement. Puckett opposed the strike at all times and there is substantial evidence to support the finding of the Board on this issue.

There is also substantial evidence on the record as a whole supporting the Board's finding that the Company did threaten its employees with discharge if they engaged in protected activities.

Enforcement of the order of the Board is granted.